| | |
|---|---|
| **UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA** | |
| UNITED STATES OF AMERICA,<br>                  Plaintiff,<br><br>v.<br><br>OLIVIN BLADIMIR GARCIA-ZALAVARRIA,<br>                  Defendant. | Case No. CR18-5531-BHS<br><br>DETENTION ORDER |

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

This finding is based on 1) the nature and circumstances of the offense(s) charged, including whether the offense involves a dangerous drug; 2) the history and characteristics of the person including those set forth in 18 U.S.C. Sect. 3142(g)(3)(A)(B); and 4) the nature and seriousness of the danger release would impose to any person or the community. In making the assessment of whether pretrial release or detention should be ordered, the Court has neither considered nor relied upon the immigration detainer for Mr. Garcia-Zalavarria that is apparently pending.

*Findings of Fact/ Statement of Reasons for Detention*

**Safety Reasons – The Court finds that the United States Government met its burden of proof and persuasion by clear and convincing evidence:**

  ( X )    Defendant's criminal history conviction for possession of cocaine, repeated convictions for driving while under the influence offenses, and conviction of assault in the second degree for a domestic violence situation
  ( X )    Defendant's history of failing to follow court orders re: ignition interlock device.
  (  )    Defendant's substance abuse history.

The defendant has a criminal history that shows he does not conform his behavior to the laws of the State of Washington. He has multiple convictions for driving while under the influence. He failed to follow a court order in 2006 (having been charged and convicted under the name Aurio Estudillo Contreras) to have an ignition interlock device installed in his vehicle. Currently his Washington State driver's license (under the name Garcia-Salavarria) is suspended in the first degree. In addition, he has a 2009 conviction for a violent offense: Assault in the Second Degree, Domestic Violence, from Pierce County Superior Court. Currently there are charges pending against the defendant for being in physical control of a vehicle while under the influence (Lakewood Municipal Court). He has been the subject of several FTA's and bench warrants. He also has a prior conviction for possession of cocaine.

**Flight Risk/Appearance Reasons – the Court finds the United States Government met its burden of proof and persuasion by a preponderance of the evidence:**

  (  )    Defendant present on writ from state court.
  (  )    Immigration and Naturalization Service detainer.
  (  )    Detainer(s)/Warrant(s) from other jurisdictions.
  ( X )    Defendant's alias
  ( X )    Defendant's use of false documents for his identification (using someone else's identify as his own)

Although the defendant has a wife and children, and therefore substantial family ties to the community, and has resided in the State of Washington (in between deportations) since 1995, he has worked in his current position under the name "Aurio Estrudillo Contreras" and provided his employer with false documents – Social Security Card and driver's license -- under that name. He is a citizen of Honduras, and the Court finds there is a serious risk that he would flee to avoid detection – he may disappear within the United States by using another identity, as he has successfully done in the past -- or try to return to Honduras where he still has family members who potentially would help him there.

*Order of Detention*

- **The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.**
- **The defendant shall be afforded reasonable opportunity for private consultation with counsel.**
- **The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**December 20, 2018**

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge